UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SIXING LIU,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil Action No. 16-3851(SRC)

MEMORANDUM AND ORDER

This matter has been opened to the Court by Petitioner's filing of a motion pursuant to Fed. R. Civ. P. 60(b)(6) "for an order to preserve his future appellate review under *Johnson v. United States* [135 S. Ct. 2551 (2015)]" (ECF No. 1) and a motion seeking miscellaneous relief. (ECF No. 6.) It appearing that:

    1.    Although Petitioner titled his submission "Motion under Fed. R. Civ. P. 60(b)(6)", the Clerk's Office docketed the submission as a motion to vacate, correct or set aside sentence pursuant to 28 U.S.C. 2255 and stayed the matter pursuant to Standing Order 16-2.[1] (*See* ECF No. 1.) The stay has since expired.

    2.    Shortly after he submitted his motion, Petitioner wrote to the Court stating that the petition should not have been docketed as a § 2255 motion because his direct appeal was still pending at the time he filed his petition. Petitioner stated that "[t]he purpose of my original petition under Fed. R. Civ. P. 60(b)(6) is only to preserve my future appellate review, through

---

[1] On June 23, 2016, Judge Simandle entered Standing Order 16-2 at the request of both the United States Attorney and the Federal Public Defender for this District.

collateral attack, in light of *Johnson* since the Supreme Court held on April 18, 2016 in *Welch v. United States*[, 136 S.Ct. 1257 (2016)] that Johnson is retroactive . . . ." (ECF No. 2, at 1-2.)

3. Here, the sole purpose of Petitioner's motion is to preserve his right to "appellate review" of any potential Johnson claim, which is not properly brought pursuant to Rule 60(b). Rule 60(b)(6) is a catch-all provision that authorizes a court to grant relief from a final judgment for "any ... reason" other than those listed elsewhere in the Rule. *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014) (citing Fed.R.Civ.P. 60(b)(6)). The Rule is applicable in civil cases and does not provide a basis for preserving "future appellate review" in a criminal case. As such, the Court will deny the motion and close this case accordingly.

4. To the extent Petitioner believed he had a *Johnson* claim, the proper avenue for relief would be a protective petition under 28 U.S.C. § 2255. Petitioner strenuously asserts that his submission should not be construed as a motion pursuant to § 2255. Even if the Court were to construe the instant motion as a protective petition, it would be subject to dismissal without prejudice under Rule 2(b) of the Rules Governing Section 2255 Cases, which requires the movant to (1) specify all the grounds for relief available to the moving party, (2) state the facts supporting each ground, and (3) state the relief requested. *Id.* Here, Petitioner has not provided any facts in support of his purported *Johnson* claim, and merely surmises that "his case might be affected by *Johnson*." (ECF No. 1, at 3.) For these reasons, the Court declines to re-construe the motion as a protective petition under § 2255.

5. Also pending before the Court is Petitioner's "Motion to request for legal materials necessary to pursue collateral review under 28 U.S.C. § 2255; Request for a standard form of § 2255; Request for equitable tolling of the limitations period." (ECF No. 6.) The Court notes that Petitioner has filed § 2255 motion, which is dated August 28, 2017 and was docketed

as a new civil action on September 13, 2017.[2] (*See* Civ. Act. No. 17-7041). The Court will therefore deny his request for the § 2255 form as moot. Petitioner's additional requests to (1) extend the protective order issued in his criminal case, i.e., Crim. Act. No. 11-208 at ECF No. 174, to his collateral proceedings and (2) afford him equitable tolling are properly considered in his pending § 2255 motion. The Court will therefore direct the Clerk of the Court to docket Petitioner's submission (ECF No. 6) as a new motion in Civ. Act. No. 17-7041. The Court will consider Petitioner's remaining requests in screening Petitioner's § 2255 motion.

6. Finally, on September 22, 2017, Petitioner wrote to the Court to inquire about the status of § 2255 motion, i.e., Civ. Act. No. 17-7041, and submitted a duplicate copy of his § 2255 motion, which was docketed as an Amended Motion in the instant matter. Because this submission relates to the status of Civ. Act. No. 17-7401, Court will direct the Clerk's Office to docket this submission (ECF No. 9) in Civ. Act. No. 17-7041.[3]

7. Because the Court has closed this matter, future submissions related to Petitioner's pending § 2255 motion shall be captioned 17-7041 and docketed in Civ. Act. No. 17-7041.

IT IS THEREFORE, on this 2nd day of November, 2017,

ORDERED that the motion for relief under Fed. R. Civ. P. 60(b)(6) is DENIED as improperly filed; and it is further

ORDERED that the Clerk of the Court shall CLOSE this case; and it is further

---

[2] Petitioner's § 2255 motion does not raise a *Johnson* claim.
[3] The Court notes that the submission attached to Petitioner's letter appears to be a duplicate of Petitioner's § 2255 motion and not an amended motion.

ORDERED that Petitioner's request for the § 2255 form is DENIED AS MOOT in light of his subsequent submission of a § 2255 motion in Civ. Act. No. 17-7041, which the Court will screen in due course; and it further

ORDERED that Petitioner's requests (1) to extend the protective order issued in his criminal case, i.e., Crim. Act. No. 11-208 at ECF No. 174, to his collateral proceedings and (2) for equitable tolling with respect to his § 2255 motion (ECF No. 6) are properly considered in his pending § 2255 motion; as such, the Clerk of the Court shall docket Petitioner's motion (ECF No. 6) as a new motion in Civ. Act. No. 17-7041; and it is further

ORDERED the Clerk's Office shall docket Petitioner's letter dated September 22, 2017, and the duplicate copy of his § 2255 motion (ECF No. 9) in Civ. Act. No. 17-7041; and it is further

ORDERED that submissions related to Petitioner's pending § 2255 motion shall be captioned 17-7041 and docketed in Civ. Act. No. 17-7041; and it is further

ORDERED that the Clerk of the Court shall send a copy of this Memorandum and Order to Petitioner at the address on file.

                                              s/ Stanley R. Chesler
                                              STANLEY R. CHESLER
                                              United States District Judge